**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50558 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00524-CAS-1 |
| v. | MEMORANDUM[*] |
| JOSE LUIS CRUZ-PALACIOS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted November 8, 2013[**]
Pasadena, California

Before: FISHER and CLIFTON, Circuit Judges, and SINGLETON, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James K. Singleton, Senior United States District
Judge for the District of Alaska, sitting by designation.

Jose Luis Cruz-Palacios appeals a 24-month sentence imposed by the district court after Cruz pled guilty to one count of being an illegal alien found in the United States after deportation in violation of 8 U.S.C.§ 1326(a), (b)(2). Cruz makes a single argument that the district court erred in assigning to Cruz's earlier conviction two criminal history points under United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1(b) rather than one criminal history point under U.S.S.G. § 4A1.1(c). Cruz received a sentence of 180 days' imprisonment which clearly qualifies for the two points under U.S.S.G. § 4A1.1(b). *See* U.S.S.G. § 4A1.2(b)(1) ("The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed."). The district court concluded that Cruz had served at least two days in custody on the offense and was thus properly subject to two points. *See id.* § 4A1.2 cmt. n.2 ("To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence . . . .").

Cruz argues on appeal that, because he spent only two pre-trial days in custody prior to conversion, he did not actually serve a period of imprisonment, as required by § 4A1.1(b). Cruz also argues that his prior sentence of imprisonment was converted to 52 days of weekend community service, which standing alone would only qualify for one point. *See* U.S.S.G. § 4A1.2 cmt. n.4 ("A sentence

2

which specifies a fine or other non-incarcerative disposition as an alternative to a term of imprisonment . . . is treated as a non-imprisonment sentence."). As the government notes in its opposition, however, Cruz's Criminal Case Report indicates that, in addition to the two pre-trial days, Cruz served approximately two weeks in custody after his bail bond was exonerated and before his motion to participate in the Riverside County Sheriff's Office weekend program was heard and granted. Cruz has not replied or otherwise attempted to correct any inaccuracies in the record. We therefore decline to address Cruz's argument that time in pre-sentencing custody cannot count as a "sentence of imprisonment" under §§ 4A1.1 and 4A1.2(b)(1) because the two weeks he later spent in custody plainly qualify as such, and we reject his argument that his sentence specified a non-incarcerative alternative for the same reason.

**AFFIRMED.**